FILED

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2010 MAR 26 P 2: 43

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Plaintiff,

v.

Civil Action Number: 1:10cv294
LMB/JFA

CARRILLO I. DEAN,
Serve: Prince William County Adult Detention Center
9320 Lee Avenue
Manassas, Virginia 20110

and

RENEE GOODWIN, ADMINISTRATOR OF THE ESTATE OF ELIZABETH MARIE DEAN,
Serve: Brian A. Roche, Esq.
Johnson & Roche
8355 A Greensboro Drive
McLean, Virginia 22102

and

KEVIN KIRK, ADMINISTRATOR OF THE ESTATE OF CONNOR REECE KIRK,
Serve: Kevin L. Locklin, Esq.
Locklin & Mordhorst
9253 Mosby Street, Suite 100
Manassas, Virginia 20110

and

KEVIN KIRK, ADMINISTRATOR OF THE ESTATE OF BRITTANY NICOLE KIRK,
Serve: Kevin L. Locklin, Esq.
Locklin & Mordhorst
9253 Mosby Street, Suite 100
Manassas, Virginia 20110

Defendants.

# COMPLAINT

COMES NOW Government Employees Insurance Company ("GEICO"), by counsel, and states as follows as its Complaint against Defendants Carrillo I. Dean ("Dean"); Renee Goodwin, Administrator of the Estate of Elizabeth Marie Dean ("Elizabeth Dean"); Kevin Kirk, Administrator of the Estate of Connor Reece Kirk ("Connor Kirk"); and Kevin Kirk, Administrator of the Estate of Brittany Nicole Kirk ("Brittany Kirk"). The Estates of Elizabeth Dean, Connor Kirk and Brittany Kirk are collectively referred to herein as the "Estates."

## I. Parties

1. Plaintiff GEICO is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in the State of Maryland. At all times relevant hereto, GEICO was duly authorized to conduct the business of insurance in the Commonwealth of Virginia.

2. Defendant Carrillo I. Dean is an individual residing in the Commonwealth of Virginia and is currently incarcerated and awaiting trial on criminal charges in connection with the slaying of Elizabeth Dean, Connor Kirk and Brittany Kirk, in the Prince William County Adult Detention Center.

3. Defendant Renee Goodwin, Administrator of the Estate of Elizabeth Marie Dean is an individual residing in the Commonwealth of Virginia. At the time of her death, decedent Elizabeth Dean was a resident of the Commonwealth of Virginia.

4. Defendant Kevin Kirk, Administrator of the Estate of Connor Reece Kirk is an individual residing in the Commonwealth of Virginia. At the time of his death, decedent Connor Kirk was a resident of the Commonwealth of Virginia.

5. Defendant Kevin Kirk, Administrator of the Estate of Brittany Nicole Kirk is an individual residing in the Commonwealth of Virginia. At the time of his death, decedent Brittany Kirk was a resident of the Commonwealth of Virginia.

## II. Jurisdiction and Venue

6. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### A. The Policy

9. GEICO issued a personal umbrella policy number P6105980 to Carrillo Ika Dean and Elizabeth Marie Dean (as the Named Insureds), with a policy period from July 7, 2008 to July 7, 2009 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A. GEICO's umbrella policy is secondary to a primary homeowners' policy of insurance issued by The Travelers Insurance Company. The Travelers policy of insurance is the subject of a separate Complaint for Declaratory Judgment action pending in the U.S. District Court for the Eastern District of Virginia – Alexandria Division and is styled *Travelers Property Casualty Insurance Company v. Carillo I. Dean, et al.*, Civil Action Number 1:10cv91 LMB/JFA.

10. The Policy contains the following insuring agreement.

**PART II – COVERAGE**

We pay **damages** on behalf of an **insured** arising out of an **occurrence**, subject to the terms and conditions of this policy. See policy (Exhibit A p. 2 of 6)

11. The Policy contains the following definitions that are pertinent to this matter:

**PART I – DEFINITIONS**

4. **"Damages"** means the total of:

(a) damages an **insured** must pay:
  (1) legally; or
  (2) by agreement with **our** written consent:

because of **personal injury** or **property damage** covered by this policy.

(b) **"Damages"** does not include:
  (i) salaries of an **insured's** regular employees; or
  (ii) expenses payable under Part V. of this policy; or
  (iii) punitive or exemplary damage.

7. **"Insured"** means:

(a) **You** and **your** spouse if a resident of **your** household; but with respect to an **auto you** do not own or lease with is furnished for regular use by **you** or **your** spouse, coverage applies only if the **auto** is insured by a primary auto policy

(c) Relatives residing in **your** household as well as a household resident under age 21 in the care and custody of **you** or **your** spouse with respect to an **auto**, such person is an **insured** only if the **auto** is insured by a primary policy issued by **us**.

8. **"Occurrence"** means an accident or event, including a continuous or repeated exposure to conditions which results in **personal injury** or **property damage** neither expected or intended by **you**.

9. **"Personal injury"** means:
  (a) mental or bodily injury, shock, sickness, disease or death including care and loss of services: or
  (b) injury arising out of:
    (i) false arrest, detention or imprisonment, or malicious prosecution; or
    (ii) libel, slander, defamation, humiliation, or a publication or utterance in violation of a person's right of privacy not arising out of any business pursuit of any **insured**; or
    (iii) wrongful entry or eviction, or other invasion of the right of private occupancy.

12. **"Property damage"** means damage to or loss of use of tangible property. (See Policy Exhibit A, p. 1-2 of 6)

**PART III – EXCLUSIONS**

We do not cover **damages** resulting from:

4. Acts committed by or at an **insured's** direction with intent to cause **personal injury** or **property damage**. This exclusion does not apply to **personal injury** or **property damage** resulting from an act committed by an insured with reasonable and legally permissible force to protect persons and property from injury or damage. This exclusion also does not apply to Part I, Item 9(b).

7. **Property damage** to:
   (a) property owned by an **insured**; or
   (b) aircraft or **watercraft** rented to, used by, or in the care of an **insured**; or
   (c) property rented to, used by, or in the care of an **insured.**

10. **Personal injury** to any **insured.**

14. Sexual molestation, corporal punishment or physical or mental abuse inflicted upon any person by or at the direction of an **insured**, an **insured's** employee or any other person at an **insured's** direction.

16. An award of punitive or exemplary damages.
(See Policy Exhibit A p. 2-3 of 6)

**B. The Underlying Lawsuits**

12. Three lawsuits have been filed against Dean in the Circuit Court of Prince William County, Virginia: *Renee Goodwin, Administrator of the Estate of Elizabeth Marie Dean v. Carillo Ika Dean* (Circuit Court of Prince William County Virginia – Case No. CL09003222-00); *Kevin Kirk, Administrator of the Estate of Connor Reece Kirk v. Carrillo Ika Dean* (Circuit Court of Prince William County, Virginia – Case No. CL09000818-00, previously Case No. CL89700) and *Kevin Kirk, Administrator of the Estate of Brittany Nicole Kirk v. Carrillo Ika Dean* (Circuit Court of Prince William County, Virginia – Case No. CL09001141-00, previously Case No. CL90023) (collectively referred to herin as the "Liability Suits"). The Liability Suits

allege that on February 12, 2009 Dean shot and killed Elizabeth Dean, Connor Kirk and Brittany Kirk. Copies of the Complaints filed in the Liability Suits are attached hereto as Exhibits B, C, and D, respectively.

13. At the time of the incident giving rise to these Liability Suits, Elizabeth Dean was married to Dean and was residing with him.

14. Connor Kirk and Brittany Kirk were Elizabeth Dean's children. At the time of the incident giving rise to the Liability Suits, Connor Kirk and Brittany Kirk were each under twenty-one years of age and were residing with and in the care of Dean and Elizabeth Dean.

15. The Liability Suit filed by Elizabeth Dean's Estate seeks three million dollars ($3,000,000.00) in damages. The Liability Suits filed by Connor Kirk's Estate and Brittany Kirk's Estate each seek five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages.

16. Dean has requested that GEICO provide him with a defense and/or indemnification against the Liability Suits under the umbrella Coverage of the Policy. GEICO contends that Dean is not entitled to Personal Liability Coverage (defense or indemnity) under the Policy with respect to the Liability Suits.

## IV. Count I – Declaratory Judgment

17. An actual controversy exists between GEICO, Dean and the Estates concerning whether GEICO has a duty under the Policy to provide Personal Liability insurance coverage (defense or indemnity) to Dean with respect to the Liability Suits. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

18. GEICO seeks a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that GEICO has no obligation to provide Personal Liability insurance coverage (defense or indemnity) to Dean under the Policy with respect to the Liability Suits.

19. GEICO is entitled to a declaration to that effect:

a. because the Liability Suits are not "suit[s] . . . brought against [Dean] for damages because of 'bodily injury' . . . cause by an 'occurrence'" and thus do not fall within the coverage of the insuring agreement of the Policy, as there was no "occurrence" as that term is defined in the Policy; and/or

b. because the allegations of the Liability Suits and the facts and circumstances underlying the Liability Suits fall within and trigger exclusions of the Policy III 4, III 7, III 10, III 14, III 16, as set out above.

WHEREFORE, GEICO, by counsel, respectfully moves that this Court:

1. Declare that GEICO has no duty or obligation to provide a defense to Dean under the umbrella Policy with respect to the Liability Suits; and/or

2. Declare that GEICO has no duty or obligation to provide indemnification to Dean under the umbrella Policy with respect to the Liability Suits; and/or

3. Award such other and further relief as this Court deems just and proper.

GOVERNMENT EMPLOYEES INSURANCE COMPANY
By Counsel

Michael Joshi, Esquire VSB# 25502
Kearney, Freeman, Fogarty & Joshi, PLLC
4085 Chain Bridge Road, Suite 500
Fairfax, Virginia 22030
(703) 691-8333
(703) 691-8380 – facsimile
Counsel for GEICO