IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

    Plaintiff,

v.                                                                                  Civil Action Number: 1:10cv294
                                                                                    LMB/JFA

CARRILLO I. DEAN,

    Defendant.

### PLAINTIFF GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW, the plaintiff, Government Employees Insurance Company (hereinafter "GEICO"), by counsel, in support of its Motion for Summary Judgment, and states as follows:

### I. SUMMARY

This insurance coverage declaratory judgment action arises out of three Liability Suits pending against Defendant Carrillo Dean, which allege that on February 12, 2009 he shot and killed his wife, Elizabeth Dean and her two children from a prior marriage, Connor Reece Kirk and Brittany Nicole Kirk (the "Liability Suits"). GEICO issued an umbrella policy of insurance, Number P6105980 to Carrillo Ika Dean and Elizabeth Marie Dean (as the named insureds), with a policy period from July 7, 2008 through July 7, 2009 (the "Policy").

The GEICO umbrella policy is secondary to a primary homeowners policy of insurance issued by The Travelers Insurance Company. The Travelers policy of insurance was also the subject of a separate Complaint for Declaratory Judgment action filed in the United Stated District Court for the Eastern District of Virginia – Alexandria Division, and styled *Travelers Property Casualty Insurance Company v. Carrillo I. Dean, et al.*, Civil Action No. 1:10cv91

LMB/JFA. In the present declaratory judgment action, GEICO asks the court to declare that there is no coverage available for Mr. Dean for the Liability Suits under GEICO's policy.

The GEICO umbrella policy does not provide coverage to Mr. Dean for the lawsuit for two reasons. <u>First</u>, Elizabeth Dean, Connor Kirk, and Brittany Kirk were all "insureds" under the Policy at the time of their deaths, and the Policy's exclusion for "personal injury to any insured" bars coverage for the Liability Suits. <u>Second</u>, Mr. Dean's shooting of his wife and her two children, in the head, in the home they shared, as alleged in the Liability Suits, does not constitute an occurrence/accident covered by the Policy, and also falls within several exclusions found in the Policy. Accordingly, for these reasons, GEICO requests that the Court grant GEICO summary judgment declaring that GEICO does not owe Mr. Dean any coverage (defense or indemnity) with respect to the Liability Suits and the matters alleged therein.

## II. STATEMENT OF UNDISPUTED FACTS

1. GEICO issued a personal umbrella policy of insurance, Number P6105980 to Carrillo Ika Dean and Elizabeth Marie Dean (as the names insureds), with a policy period from July 7, 2008 to July 7, 2009 (the "Policy"). A copy of the Policy is attached hereto and marked as Plaintiff's Exhibit A.

2. Three lawsuits have been filed against Mr. Dean in the Circuit Court of Prince William County, Virginia: *Renee Goodwin, Administrator of the Estate of Elizabeth Marie Dean v. Carrillo Ika Dean* (Circuit Court of Prince William County, Virginia – Case No. CL09003222-00) (the "Elizabeth Dean Suit"); *Kevin Kirk, Administrator of the Estate of Connor Reece Kirk v. Carrillo Ika Dean* (Circuit Court of Prince William County, Virginia – Case No. CL09000818-00) (the "Connor Kirk Suit"); and *Kevin Kirk, Administrator of the Estate of Brittany Nicole Kirk v. Carrillo Ika Dean* (Circuit Court of Prince William County, Virginia –

Case No. CL09001141-00) (the "Brittany Kirk Suit") (collectively referred to as the "Liability Suits"). The Liability Suits allege that on February 12, 2009, Mr. Dean shot in the head and killed Elizabeth Dean, Connor Kirk, and Brittany Kirk. The Liability Suits allege counts for intentional acts and negligence. Copies of the Liability Suits are attached hereto as Plaintiff's Exhibits B, C, and D, respectively.

3. The Elizabeth Dean Suit alleges that she was married to Mr. Dean at the time of the shooting, and that they lived together at 18402 Cedar Drive, Triangle, Virginia 22172.

4. The Connor Kirk Suit alleges that Connor Reece Kirk was born on October 27, 1996, to Elizabeth Marie Dean. Connor Kirk was thirteen on the day he died. The Brittany Kirk Suit alleges that Brittany Nicole Kirk was born on April 29, 1994, to Elizabeth Marie Dean. Brittany Kirk was fourteen at the time of her death.

5. The Estates of Elizabeth Dean, Connor Kirk, and Brittany Kirk (collectively, the "Estates") have admitted by stipulation in a prior order entered by this Court granting GEICO's motion to dismiss the Estates from this declaratory judgment action that:

    A. Connor Kirk and Brittany Kirk were Elizabeth Dean's children at the time of their death and were under the age of twenty-one;

    B. On February 12, 2009 Connor Kirk and Brittany Kirk were residents of the household of Carrillo I. Dean and Elizabeth Marie Dean at 18402 Cedar Drive, Triangle, Virginia 22172;

    C. Connor Kirk and Brittany Kirk were under the care of Carrillo I. Dean and Elizabeth Marie Dean;

    D. Elizabeth Marie Dean, Connor Reece Kirk, and Brittany Nicole Kirk were "insureds" under the Policy at the time of their deaths;

  E. The Policy's "'bodily injury' to you or an "insured"" exclusion bars coverage under the Policy for the Estates' claims against Carrillo Dean arising from the deaths of Elizabeth Marie Dean, Connor Reece Kirk, and Brittany Nicole Kirk;

  F. The Policy does not provide coverage for claims against Carrillo Dean arising out of the deaths of Elizabeth Marie Dean, Connor Reece Kirk, and Brittany Nicole Kirk.

*See* attached hereto and marked as Plaintiff's Exhibit E Order granting Motion to Dismiss by the Court on June 23, 2010.

6. By virtue of his failure to respond to plaintiff's Request for Admissions propounded by GEICO, Mr. Dean has admitted that:

  A. Connor Kirk and Brittany Kirk were Elizabeth Dean's children;

  B. On and as of February 12, 2009, Connor Kirk and Brittany Kirk were residents of the household of Carrillo Dean and Elizabeth Marie Dean at 18402 Cedar Drive, Triangle, Virginia 22172;

  C. On and as of February 12, 2009, Connor Kirk and Brittany Kirk were in the care of Carrillo I. Dean and Elizabeth Marie Dean;

  D. At the time of their deaths, Elizabeth Marie Dean, Connor Kirk, and Brittany Kirk were "insureds" as that term is defined under the Policy; and

  E. The Policy does not provide coverage for any claims against Carrillo Dean arising from the deaths of Elizabeth Marie Dean, Connor Kirk, and Brittany Kirk.

## III. STANDARD OF REVIEW

The standard of review applicable to GEICO's Motion for Summary Judgment under Federal Rule of Civil Procedure 56 is well known to this Court. An award of summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is to be given when no genuine issue of material fact remains for trial. *Tunstall v. Brotherhood of Locomotive Firemen & Enginemen*, 69 F. Supp. 826 (E.D. VA 1946) aff'd 169 F. 2d 289 (4th Cir. 1947). Based on the undisputed facts before this Court, as set out and discussed herein, GEICO is entitled to judgment as a matter of law declaring that Carrillo I. Dean is not entitled to coverage (defense or indemnity) for the Liability Suits under the Policy.

## IV. ARGUMENT

### A. THE POLICY'S "PERSONAL INJURY TO ANY INSURED" EXCLUSION BARS COVERAGE FOR THE LIABILITY SUITS.

The provisions of the Policy at issue in this coverage action are very straightforward:

- Part II of the Policy provides, "**We** pay **damages** on behalf of an **insured** arising out of an **occurrence**, subject to the terms and conditions of this policy."

- Part I – Definitions provides: **"Damages"** means the total of:
  (a)   damages an **insured** must pay:
        (1)   legally; or
        (2)   by agreement with **our** written consent:
  because of **personal injury** or **property damage** covered by this policy.

- The Declarations of the Policy lists the named insureds as Carrillo Ika Dean and Elizabeth Marie Dean at an address of 18402 Cedar Drive, Triangle, Virginia 22172-1414.

- In the Policy under Part III – Exclusions, Exclusion 10 provides, "**We** do not cover **damages** resulting from **personal injury** to any **insured.**"

The shootings and deaths of Elizabeth Dean, Connor Kirk, and Brittany Kirk as alleged in the Liability Suits fall squarely within Exclusion 10 of the Policy which bars coverage for "**personal injury** to an **insured**." This is because:

- At the time of her death, Elizabeth Dean was a named insured as shown in the Declarations and was the spouse of Carrillo Ika Dean.
- At the time of their deaths, Connor Kirk and Brittany Kirk were also "insureds" under the definition of 7(b) of the Policy, as they were residents of Carrillo and Elizabeth Dean's household, were the natural children of Elizabeth Dean, were under the age of twenty-one, and were in the care or custody of Carrillo Dean and Elizabeth Dean.

Under Virginia law, this type of exclusion, also known as the "Household Exclusion" has been found to clearly and unequivocally bar coverage for claims seeking to recover based on bodily injury to an "insured," as the Liability Suits do. See *Harrell v. Shelby Cas. Ins. Co.*, 58 Va. Cir. 484 (Norfolk Cir. Ct. May 6, 2002). Accordingly, the undisputed facts before the Court demonstrate that the Liability Suits filed against Carrillo Dean for the deaths of Elizabeth Dean, Connor Kirk and Brittay Kirk, clearly fall within GEICO's policy's Household Exclusion and the Court should grant GEICO's Motion for Summary Judgment, declaring that Carrillo Dean is not entitled to coverage (defense or indemnity) for the Liability Suits under the Policy.

This Court, by Order dated September 1, 2010 entered summary judgment for Travelers Insurance Company in their companion case, based on what is essentially the same argument. See attached hereto a copy of the order and letter opinion of Judge Leonie Brinkema dated September 1, 2010 and marked as Plaintiff's Exhibit F.

    **B.**    **The Policy Does Not Provide Coverage For The Liability Suits, As The Liability Suits Do Not Allege An "Occurrence" As Defined By The Policy, And Furthermore The Liability Suits' Allegations Fall Within Two Exclusions Of The Policy.**

The Policy does not provide coverage for the Liability Suits which allege the shootings of three family members, each in the head, while they were inside their home. First, these allegations do not come within the insuring agreement of The Policy, as the Liability Suits do not allege an "occurrence" as defined in The Policy as "an accident or event, including continuous or repeated exposure to conditions which results in **personal injury** or **property damage** neither expected or intended by **you**." Additionally, the Liability Suits' allegations fall clearly within the following two exclusions of The Policy:

> We do not cover **damages** resulting from:
>
> 4.    Acts committed by or at an **insured's** direction with intent to cause **personal injury** or **property damage**. This exclusion does not apply to **personal injury** or **property damage** resulting from an act committed by an insured with reasonable and legally permissible force to protect persons and property from injury or damage. This exclusion also does not apply to Part I, Item 9(b).
>
> 14.    Sexual molestation, corporal punishment or physical or mental abuse inflicted upon any person by or at the direction of an **insured**, an **insured's** employee or any other person at an **insured's** direction.

(See Policy Exhibit A p. 2-3 of 6)

    **1.**    **The Liability Suits Do Not Allege An Occurrence, But Conduct Falling Squarely Within The Policy's Intended Exclusion.**

Virginia law is clear that the shootings alleged in the Liability Suits were neither an "occurrence" nor an "accident" to invoke coverage under The Policy. In *West American Insurance Co. v. Bank of Isle of Wight*, 673 F. Supp. 790, 765 (E.D. Va. 1987), the United States District Court for the Eastern District of Virginia (Richmond Division) held that the term "occurrence" (as defined in the Policy) – "limits insurance coverage to 'damages arising from

7

'mistake or carelessness' on the part of the insured rather that from 'intentional or reckless acts.'" The Liability Suits allege that the shooting was an intentional act. While the Liability Suits also contain a count for negligence, even the negligence counts allege that Mr. Dean took a handgun and recklessly and wantonly "took the life" of Elizabeth Dean, Connor Kirk, and Brittany Kirk. *See* Connor Kirk Suit (Ex. C), ¶¶ 7-9; Brittany Kirk Suit (ex. D), ¶¶ 7-9. As such, the Liability Suits do not allege an "occurrence," and there is no coverage under the Policy for the Liability Suits.

Further, the allegations of the Liability Suits fall squarely within the Policy's exclusion applicable to "bodily injury" which is expected or intended by an "insured." Virginia courts have repeatedly held that shootings – such as the shootings alleged in the Liability Suits – fall within the Expected or Intended Exclusion. *See, e.g., Commercial Union Ins. Co. v. Ballowe*, 671 F. Supp. 421, 423 (W.D. Va. 1987) (finding that an insured that fired a gun repeatedly intended to cause his victim's injuries, triggering the expected or intended exclusion found in the insurance policy at issue); *Travelers Indem. Co. v. Obenshain*, 219 Va. 44, 245 S.E.2d 247 (1978) (finding that a complaint alleging that the insured shot another does not indicate "other than that [he] expected and intended the injuries he inflicted upon [the victims]," and triggers the expected or intended exclusion found in the insurance policy at issue); *Insurance Co. of N. Am. V. Davis*, 3 Va. Cir. 94 (Richmond, 1983) (finding that the defendant intended to shoot and injure the victim, triggering the expected or intended exclusion contained in a homeowners insurance policy and barring coverage).

In dealing with whether an alleged incident constitutes an "occurrence," as well as whether the Expected or Intended Exclusion applies, courts in Virginia have repeatedly recognized that merely including a count for "negligence" does not dictate the result. For

8

example, in *Morris v. Travelers Indemnity Co.*, 31 Va. Cir. 306, 311 (Greene County, 1993), the insured was inside his house and shot outside wildly when the policy arrived, injuring an officer. *Id.* At 307-08. The plaintiff officer sued the insured under various negligence theories. *Id.* At 308. The Court held that even though plaintiff asserted negligence counts, and even though the insured may not have specifically intended the exact harm that resulted from him firing wildly in the direction of the officers, the homeowners policy did not provide coverage because plaintiff's claim fell within the policy's exclusion for bodily injury expected or intended by the insured. *Id.* At 310-12. According to the Court:

> [c]haracterizing the plaintiff's cause of action in Count I as a claim for willful and wanton negligence does not resolve the matter. The issue here is one of insurance coverage and more particularly whether the facts set forth in Count I, regardless of the character of the tort, are within the language of the Travelers policy issued to [the insured].

*Id.* At 310-11. The Court held that based on the allegations of the plaintiff's suit – that the insured fired wildly out of the house knowing that police officers were outside – the injuries to the officer were probably or expected, and, thus, fell within the homeowners policy's exclusion for bodily injury expected or intended by the insured. *Id.* At 312.

Similarly, in *West v. Harleysville Mutual Insurance Co.*, 46 Va. Cir. 99 (City of Richmond, 1998), a former employee filed suit against West. The suit included counts for sexual harassment, sexual assault and battery, and negligent infliction of emotional distress. *Id.* At 99. West tendered the suit for coverage under her homeowners policy, but the carrier denied coverage (defense and indemnification) on the grounds that the suit did not allege an "occurrence," as all the acts alleged in the complaint were intentional, not accidental. *Id.* At 99-101. West brought a coverage action against the carrier. Despite the inclusion of the "negligent infliction of emotional distress" counsel in the suit against West, the court determined that the

9

carrier did not owe a duty to defend or indemnify West with respect to the suit because "[o]n the facts pleaded, there was no negligent act supporting [the negligent infliction of emotional distress count]...Thus, the [i]nsurer was entitled to deny coverage because there was no 'occurrence' as defined under the [p]olicy." *Id.* At 101-102. *See also, Parrish v. Erie Ins. Co.*, 63 Cir. 470 (City of Richmond, 2003) (holding that there was no duty to defend the insured where the underlying lawsuit asserted a claim for conversion – an intentional tort – as well as claims for negligence per se and negligence – because those counts actually alleged intentional acts – the locking of the plaintiff out of the premises without prior notice).

Likewise, regardless of how the Liability Suits classify the tort (as negligence or an intentional act), the Liability Suits allege that Mr. Dean shot each of Elizabeth Dean, Connor Kirk, and Brittany Kirk in the head inside their home. And even the portion of the Liability Suits which assert a negligence count recognize and allege that Mr. Dean took a handgun and recklessly and wantonly "took the life" of Elizabeth Dean, Connor Kirk, and Brittany Kirk. See Connor Kirk Suit (Ex. C), ¶¶ 7-9; Brittany Kirk Suit (Ex. D), ¶¶ 7-9. Under Virginia law, the Liability Suits simply do not allege an "occurrence" as that term is defined in the Policy, and what they do allege falls squarely within the Policy's Expected or Intended Exclusion.

### 2. The Physical Abuse Exclusion Bars Coverage For The Liability Suits

The Policy also contains the following exclusion:

**We** do not cover **damages** resulting from:

14. Sexual molestation, corporal punishment or physical or mental abuse inflicted upon any person by or at the direction of an **insured**, an **insured's** employee or any other person at an **insured's** direction.

(See Policy Exhibit A p. 2-3 of 6). The Liability Suits allege that Mr. Dean shot Elizabeth Dean, Connor Kirk, and Brittany Kirk in the head and took their lives. Such shooting clearly

10

constitutes a physical abuse within this exclusion. *See e.g., State v. Butler*, 951 S.W.2d 600, 606 (Mo. 1997); ("A gunshot wound to the head is an excessive act of physical abuse."); *Commonwealth v. Odum*, 401 Pa. Super. 8, 11, 584 A.2d 953, 4902 (Super. Ct. Pa. 1990) (classifying the shooting of a victim in the face as "physical abuse"); *State v. Dickerson*, 1999 Tenn. Crim. App. LEXIS 128, n.1 (Ct. Crim. App. Tenn. Feb. 17, 1999) ("[T]he close range shotgun blast to the head as well as the in-the-mouth shotgun blast could constitute serious physical abuse beyond that necessary to produce death." (internal quotation and citation omitted)).

By shooting them, Mr. Dean physically abused Elizabeth, Connor, and Brittany, and as such, the physical abuse exclusion also bars coverage for the Liability Suits.

## IV. CONCLUSION

For these reasons, GEICO respectfully requests that the Court enter summary judgment declaring that GEICO does not owe coverage (defense or indemnity) under the Policy with respect to the Liability Suits.

Respectfully submitted,

GOVERNMENT EMPLOYEES INSURANCE COMPANY
By Counsel


_____/s/_____
Michael Joshi, Esquire VSB# 25502
Kearney, Freeman, Fogarty & Joshi, PLLC
4085 Chain Bridge Road, Suite 500
Fairfax, Virginia 22030
(703) 691-8333
(703) 691-8380 – facsimile
mjoshi@kffjlaw.com
*Counsel for GEICO*

12

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2010 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I will send a copy of the foregoing by mail, postage prepaid and delivered by courier, to the following non-filing user:

Carrillo Dean
Prince William County Correctional Center
9320 Lee Avenue
Manassas, Virginia 20110
*Defendant*

Ronquillo M. Dean
8803 Aquary Court
Springfield, Virginia 22153-1255
*Power-of-Attorney for Carrillo Dean*

                                                                          /s/
Michael Joshi, Esquire VSB# 25502
Kearney, Freeman, Fogarty & Joshi, PLLC
4085 Chain Bridge Road, Suite 500
Fairfax, Virginia 22030
(703) 691-8333
(703) 691-8380 – facsimile
mjoshi@kffjlaw.com
*Counsel for GEICO*